UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

JAY D. SPENCER,                                          Case No. DG 13-08760
                                                         Hon. Scott W. Dales
                Debtor.                                  Chapter 7
_____/

JOLAN JACKSON, JOLAN JACKSON
as Beneficiary of Equity Trust Company
FBO Jolan Jackson IRA No. 118410,

                Plaintiffs,                              Adversary Proceeding
                                                         No. 14-80014
v.

JAY D. SPENCER,

                Defendant.
_____/


**MEMORANDUM OF DECISION AND ORDER**

          PRESENT:   HONORABLE SCOTT W. DALES
                     Chief United States Bankruptcy Judge


I.  <u>INTRODUCTION</u>

        This non-dischargeable debt action is before the court on a motion for summary judgment

premised largely on the preclusive effect of a state court judgment that is on appeal.  At issue is

the claim that chapter 7 debtor Jay D. Spencer converted $180,000.00 in retirement assets

belonging to Jolan Jackson.

        Although the state court's order is not yet entitled to collateral estoppel effect, the record

in the bankruptcy court (including the state court's orders) nevertheless establishes an unrebutted

case for declaring the debt excepted from discharge under § 523(a)(6).  Accordingly, the court

will enter summary judgment notwithstanding the pendency of the appeal.

## II.  JURISDICTION

The court has jurisdiction over Mr. Spencer's bankruptcy case pursuant to 28 U.S.C.

§ 1334(a).  The bankruptcy case, and related proceedings, including this adversary proceeding,

have been referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and W.D. Mich.

LCivR 83.2(a).  Proceedings to determine the dischargeability of debts are "core" proceedings as

to which the bankruptcy court may enter final judgment, both as a statutory matter, and a matter

of constitutional authority.  *See* 28 U.S.C. § 157(b)(2)(I) (determinations as to the

dischargeability of certain debts); *Hart v. Southern Heritage Bank (In re Hart)*, 564 F. App'x

773, 776 (6th Cir. Apr. 28, 2014) (authorizing bankruptcy court to enter final orders in

proceedings to except debts from discharge, notwithstanding constitutional challenge under *Stern

v. Marshall*, 131 S. Ct. 2594 (2011)).

The court finds that it has statutory and constitutional authority to enter final judgment

resolving this controversy.

## III.  ANALYSIS

### 1.    Background

Jolan Jackson, individually and as beneficiary of an individual retirement account, sued

Jay D. Spencer (and others) in the Kent County Circuit Court on several theories, including

common law and statutory conversion.[1]  Mr. Jackson alleged that Mr. Spencer cheated him out

---

[1] *See Jolan Jackson and Jolan Jackson as beneficiary of Equity Trust Company FBO Jolan Jackson IRA No. 118410 v Jay Spencer, Mackinac Realty Group, LLC, Tate Jesky and Mackinac Advisory Services, LLC* (Case No. 13-04271-NZB) (the "State Court Case").

of his retirement savings, essentially diverting the funds away from their intended purpose by paying his own personal expenses and otherwise lining his own pockets. [2]

While the litigation in the Kent County Circuit Court remained pending, Mr. Spencer filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, which automatically stayed the State Court Case. In response, Mr. Jackson timely filed a complaint in the bankruptcy court seeking an order excepting Mr. Spencer's debt from discharge under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). Given the pendency of the State Court Case, this court stayed the adversary proceeding to permit the parties to litigate the claim in Kent County, reserving for the federal court the decision about whether the resulting debt, if or to the extent established, should be excepted from discharge. *See* Order for Stay dated April 3, 2014 (DN 13); 11 U.S.C. § 523(c).

The State Court Case proceeded according to the rules of that forum, resulting in a "Final Judgment"[3] against Mr. Spencer, premised on at least three, substantial opinions of the Hon. Christopher P. Yates rendered in response to Mr. Jackson's motion for summary disposition and related motions. Mr. Spencer has appealed from the Final Judgment, and that appeal is pending before the Michigan Court of Appeals.

As contemplated in the Order for Stay, Mr. Jackson returned to the bankruptcy court, and filed a motion for summary judgment premised initially on the preclusive effect of the Final Judgment and the underlying opinions of Judge Yates. *See* Plaintiff's Motion for Summary Judgment on Non-Dischargeability Under 11 U.S.C. § 523(a)(6) and supporting briefs (DNs 15,

---

[2] For convenience, the court will refer to Mr. Jackson in both of his capacities as "Mr. Jackson" or the "Plaintiff." Similarly, the court will refer to Mr. Spencer as "Mr. Spencer" or the "Defendant."

[3] *See* DN 16-10 (the "Final Judgment").

16 and 23, collectively the "Motion"). Mr. Spencer, ostensibly *pro se*,[4] responded to the Motion. *See* Defendant's Response to Plaintiff's Motion for Summary Judgment on Non-Dischargeability Under 11 U.S.C. § 523(a)(6) (DN 20), and Defendant's Answer to Plaintiff's Brief in Support of Motion for Summary Judgment on Non-Dischargeability (DN 24, and with DN 20, referred to collectively as the "Response"). The court heard oral argument on the Motion and the Response in Grand Rapids, Michigan, on October 7, 2015, and took the matter under advisement. For the following reasons, the court will grant the Motion.

2.    Summary Judgment Standards

The Plaintiff's Motion is one for summary judgment under Fed. R. Civ. P. 56. The court's task in resolving such a motion is to determine whether there is a genuine issue of material fact warranting a trial on the merits, or whether the record is such that no fact finder could find for the non-moving party. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted).

Relying on documentary evidence (*e.g.*, bank records, e-mail, and a "Direction of Investment") and transcripts from Mr. Spencer's deposition, Judge Yates held that Mr. Jackson entrusted $241,000.00 to Mr. Spencer, to be used by Mackinac Advisory Services, LLC for particular investments, but that Mr. Spencer caused $180,000.00 of the funds to be transferred, through a title company, to Mackinac Realty, a company controlled by Mr. Spencer. Judge Yates succinctly observed: "Spencer ran his life out of the Mackinac Realty account, using money that Jackson had entrusted to Mackinac Advisors." *See* Opinion and Order Granting Plaintiffs' Motion for Summary Disposition Under MCR 2.116(c)(10) (DN 16-7) at p. 5.

---

[4] The quality of Mr. Spencer's papers prompted the court to inquire whether he had the assistance of counsel in preparing them. He indicated that a member of the bar has been providing assistance, though not signing Mr. Spencer's submissions. *See* DNs 25 and 26.

Judge Yates specifically rejected Mr. Spencer's suggestion that he was an unwitting converter, noting that "Spencer himself committed that conversion by obtaining the funds for Mackinac Advisory and then diverting the funds to Mackinac Realty, and ultimately to himself." *See* Order Granting in Part, and Denying in Part, Defendant's Motion for Reconsideration (DN 16-8) at p. 4.   Mr. Spencer was obviously involved in the transaction, aware of Mr. Jackson's Direction of Investment, and (according to Judge Yates's findings), "poured tens of thousands of dollars" into the account that he used for his personal expenses, contrary to the direction from Mr. Jackson when he entrusted the funds to Mr. Spencer.   Judge Yates described the record as establishing a "flagrant" case of conversion.

Under the Full Faith and Credit Statute, a bankruptcy court must give the Final Judgment the same effect that it would receive in a Michigan court.   *See* 28 U.S.C. § 1738; *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust,* 410 F.3d 304, 309 (6th Cir. 2002); *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir.1999).   Mr. Jackson's Motion was principally, though not exclusively, premised on the collateral estoppel effect of the Final Judgment (and Judge Yates's several opinions), but Mr. Spencer's appeal from the Final Judgment makes the Motion premature, at least to the extent premised on the collateral estoppel effect of prior rulings, as counsel conceded during oral argument.   *See also Leahy v. Orion Township,* 711 N.W.2d 438, 441 (Mich. App. 2012).[5]

---

[5] In Michigan, the pendency of an appeal deprives the decision under review of issue preclusive effect, but the doctrine of *res judicata* applies irrespective of an appeal.   *See Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, Slip. Op. 12-cv-11030, 2013 WL 1432524 (E.D. Mich. April 9, 2013).   *Res judicata* or claim preclusion, however, does not apply to the discharge aspects of the present controversy: although Judge Yates certainly had authority to resolve the State Court Case after this court modified the automatic stay, federal law reserves to the bankruptcy court the exclusive authority to determine whether a debt should be excepted from discharge under § 523(a)(2), (a)(4), or (a)(6).   *See* 11 U.S.C. § 523(c); *In re Wilcox*, 529 B.R. 231 (Bankr. W.D. Mich. 2015); *In re Steward*, 499 B.R. 557 (Bankr. E.D. Mich. 2013).   Under the Supremacy Clause, state common law doctrines cannot preempt federal law, including § 523(c).

Although we typically associate the Full Faith and Credit Statute with the doctrines of *res judicata* and collateral estoppel, or more modernly "claim preclusion" and "issue preclusion," the idea of Full Faith and Credit goes beyond these doctrines.  As the court noted during oral argument, orders from courts of record in Michigan have evidentiary significance, independent of any collateral estoppel or *res judicata* effect:  "any order, judgment or decree, of any court of record in this state . . . shall be *prima facie* evidence . . . of all facts recited therein."  M.C.L. § 600.2106; *see also Kashishke v. Frank (In re Frank)*, 425 B.R. 435, 443 (Bankr. W.D. Mich. 2010) (citing M.C.L. § 600.2106 in resolving summary judgment motion premised on prior state court order).  Accordingly, even without considering the Plaintiff's other submissions, Judge Yates's findings, embodied in various orders, constitute *prima facie* evidence in support of the Plaintiff's case.  The Defendant, however, has brought forward no evidence challenging the findings in these prior orders, including his factual findings touching on "willfulness" as it applies to state law conversion or for that matter, of malice as required in 11 U.S.C § 523(a)(6).

The Plaintiff's Reply Brief in Support of Motion For Summary Judgment  on Non-Dischargeability Under 11 U.S.C. § 523(a)(6) (DN 23, the "Reply") fortifies its reliance on Judge Yates's findings by including many of the documents and admissions upon which Judge Yates opined, thereby permitting the court to consider them independently.  *See, e.g.,* Reply at Exh. 2 (transcript of Mr. Spencer's deposition in the State Court Case); Exh. 3 (Direction of Investment); Exh. 4 (bank records showing $180,000.00 in deposits into Mackinac Realty accounts).

Willfulness under § 523(a)(6) requires "a deliberate or intentional injury, not merely a deliberate or intentional *act* that leads to injury."  *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original).  To find a "willful injury" within the meaning of § 523(a)(6), the court

must conclude that the debtor "'desires to cause [the] consequences of his act, or . . . believes that the consequences are substantially certain to result from it.'" *Markowitz v. Campbell (In re Markowitz),* 190 F.3d 455, 464 (6th Cir. 1999) (quoting Restatement (Second) of Torts § 8A, at 15 (1964)); *Kawaauhau,* 523 U.S. at 61 (noting that this "formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts"). Establishing intent is a difficult undertaking, but the second possibility under *Markowitz* -- that the debtor believed that the injurious consequences of his actions were "substantially certain" to occur -- is frequently easier to find, even drawing reasonable inferences in favor of a debtor.

As for malice, an injury is "malicious" under § 523(a)(6) when a debtor acts "in conscious disregard of [his] duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986); *Monsanto Co. v. Trantham (In re Trantham),* 304 B.R. 298, 308 (6th Cir. B.A.P. 2004). To except a debt from discharge under § 523(a)(6), the court must find that the alleged injury is both willful *and* malicious. Without this two-fold finding, a creditor will not prevail. *Markowitz,* 190 F.3d at 463.

The court regards Judge Yates's award of treble damages to the Plaintiff for the Defendant's "brazen" conversion as *prima facie* evidence that the debtor inflicted a willful and malicious, utterly unjustified, injury within the meaning of § 523(a)(6). *See* Motion, Exh. 8 (DN 16-9) at p.3. Judge Yates found that treble damages were appropriate because "Spencer's conduct constitutes the most egregious form of statutory conversion." *Id.* at p.8. In addition, in his opinion regarding the Defendant's motion for reconsideration, *id.* at Exh. 7 (DN 16-8), Judge Yates stated that after Mr. Spencer had signed various notes promising to invest Mr. Jackson's money under a specific directive and repay him his entire principal amount plus interest, he

"almost immediately diverted at least $180,000 in . . . funds to his . . . bank account . . . and then used the money to cover his personal expenses . . . in the end, Spencer did not return a single dime to Jackson or his IRA." *Id.* at p.3. The court, after reviewing the opinions from the State Court Case, and reviewing the evidence adduced with the Reply, shares Judge Yates's view of the evidence, and finds that the Plaintiff has established a *prima facie* case that the Defendant deliberately and intentionally meant to injure the Plaintiff, not simply to cause the act that resulted in injury. The summary judgment record permits no other conclusion.

In response to the Plaintiff's showing, the Defendant simply argued that Judge Yates's opinions are not final -- a point the Plaintiff concedes -- and that Judge Yates should have applied various payments before trebling the $180,000.00 that the Defendant purloined. The court is unpersuaded. Given the procedural context of Rule 56, and given the *prima facie* evidentiary showing in support of the Plaintiff's claims attached to the Motion and the Reply, it was incumbent upon the Defendant to raise a genuine issue of fact warranting trial. His argument, unadorned by any affidavit or documentary evidence, does not suffice. *See* Fed. R. Civ. P. 56(c)(1). Because he was assisted by shadow counsel, Mr. Spencer's supposed *pro se* status provides no reason to relax the rule.

In other words, the record establishes that the Defendant acted willfully and maliciously because he knew that the consequences of diverting the Plaintiff's retirement funds were substantially certain to result in harm to the Plaintiff and in fact did cause harm -- the Defendant never returned the funds. Furthermore, he acted in conscious disregard of his duties, without just cause or excuse, when, after he promised the Plaintiff to invest the funds in a specific way, he immediately used them for his own purposes, contrary to the Plaintiff's clear directives. Because the Defendant's appeal does not undermine the *prima facie* evidentiary effect of Judge Yates's

opinions, and because the Defendant has failed to provide any meaningful challenge to this and the other evidence offered in support of the Motion, the court finds that no trial on the merits is warranted because no reasonable fact finder could find for the Defendant in this matter.

As for the trebling, this portion of Judge Yates's award is also excepted from discharge under the rationale of *Cohen v. De La Cruz*, 523 U.S. 213 (1998) ("Because § 523(a)(2)(A) excepts from discharge all liability arising from fraud, treble damages (plus attorney's fees and costs) awarded on account of the debtor's fraud fall within the scope of the exception.").

For the foregoing reasons, the court will grant the Plaintiff's Motion, and declare the debt represented by the Final Judgment to be excepted from discharge under § 523(a)(6).

IV.  CONCLUSION AND ORDER

In making this decision to except the debt from discharge, the court is mindful of two practical concerns relating to collection activity and the possibility that Mr. Spencer may succeed on appeal from the Final Judgment.  First, to the extent the court's decision is premised on the Final Judgment, reversal may undermine the basis for today's ruling to some extent.  That concern, however, is addressed by the ample evidentiary support (generally in the form of Mr. Spencer's admissions during deposition in the State Court Case, the Direction of Investment, and the bank records) for finding that he willfully and maliciously injured the Plaintiff by diverting the funds, all of which independently establish a right to relief under § 523(a)(6).  Moreover, if the Final Judgment is reversed, Rule 60(a)(5) provides tailor-made relief.  *See* Fed. R. Civ. P. 60(b)(5)(applicable to bankruptcy court judgments by Fed. R. Bankr. P. 9024).

Second, if Mr. Spencer is correct that he should have received credits against the amount that Judge Yates ultimately awarded, any reduction will not affect this court's conclusion that the remaining debt, in whatever amount, arises from his willful and malicious injury under

§ 523(a)(6).  In other words, the judgment that the court will enter concurrently with this opinion will be declaratory in nature.  The precise amount and manner of collecting money damages will be a matter for the state courts, if and when they are called upon to enforce the Final Judgment. Mr. Spencer may seek to persuade the state courts to stay enforcement of the Final Judgment pending appeal, and nothing in today's decision should be construed to interfere with the state courts' independent authority to stay enforcement of the Final Judgment.  The bankruptcy court judgment, in other words, will simply declare that the discharge injunction will not affect the Plaintiff's collection of the debt represented by the Final Judgment.

Third, anticipating this practical problem, the court asked Plaintiff's counsel whether his client would consent to holding any collection proceeds in counsel's trust account, pending appeal from the Final Judgment.  After consulting with his client, counsel confirmed that he would hold any collections in a trust account, effectively in escrow, pending appeal.  As a practical matter, this addresses the court's concerns and balances the Plaintiff's interest in avoiding further delay in securing the return of his retirement funds and the Defendant's state court appellate rights.  Today's judgment will include this collection-related escrow requirement as part of the declaratory relief.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

(1)      the Plaintiff's Motion for Summary Judgment (DN 15) is GRANTED;

(2)      the Clerk shall enter a separate judgment (i) declaring the debt represented by the Final Judgment excepted from discharge under § 523(a)(6), and (ii) incorporating the escrow requirement discussed above, pending the conclusion of all appeals from the Final Judgment.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Stephen J. Hulst, Esq., Harold E. Nelson, Esq., and Jay D. Spencer.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 19, 2015**



Scott W. Dales
United States Bankruptcy Judge